UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| | ) | |
| v. | ) | Criminal  No. 05-017-P-H |
| | ) | |
| | ) | |
| BARRY HATHAWAY | ) | |
| | ) | |

**RECOMMENDED DECISION ON
PETITION FOR WRIT OF ERROR CORAM NOBIS (Docket No. 38) AND
PETITION FOR A NEW TRIAL (Docket No.37)
AND ORDER ON MOTION TO APPOINT COUNSEL (Docket No. 36)**

In 2006 Barry Hathaway filed a 28 U.S.C.  § 2255 motion seeking relief from his

guilty-plea conviction on one count of possessing child pornography in violation of 18

U.S.C. § 2252A(a)(5)(B).  I recommended that the Court summarily deny Hathaway's

§ 2255 motion and this Court accepted that recommendation.  Hathaway has now filed

three motions in his criminal case:  a petition for writ of error coram nobis (Docket No.

38); a petition for a new trial (Docket No. 37), and a motion for the appointment of

counsel (Docket No. 36).  I deny the motion to appoint counsel and I recommend that the

Court deny the petitions for writ of error coram nobis and for a new trial.

*Discussion*

In his petition for writ of error coram nobis Hathaway argues that the court should

grant his petition because he did not have effective assistance of counsel in that counsel

allowed the court to enhance Hathaway's sentence based on two Class C misdemeanors

that were "exempt" from the guidelines. He seeks vacature of his sentence and his

immediate release from the Federal Bureau of Prisons.   In his petition for a new trial

Hathaway also argues that the court should vacate his sentence and order his immediate release because counsel allowed the court to enhance Hathaway's sentence based on two class C misdemeanors that were "exempt" from the guidelines.  His articulation of his ineffective assistance claim in both pleadings is very skeletal.

While Hathaway raised several ineffective assistance claims in his 28 U.S.C. § 2255 motion, he did not raise this particular challenge to counsel's sentencing performance. See Hathaway v. United States, Crim. No. 05-17-P-H, Civ. No. 06-134-P-H, 2006 WL 3703208 (D. Me. Dec. 8, 2006).  This current claim of ineffective assistance could have been raised in that motion.  United States v. Barrett, 178 F.3d 34, 57 (1st Cir. 1999) ("The lessons of this case for the criminal defense bar are clear. A first petition for post-conviction relief under § 2255 should raise all available claims."); see also United States v. Riedl, __ F.3d __, __ 2007 WL 2230256, *3 (9th Cir. Aug. 6, 2007); United States v. Noske, 235 F.3d 405, 406 (8th 2000). Hathaway cannot now seek the relief he seeks through a writ of error coram nobis.  See Barrett, 178 F.3d  at 54 -57; see also Melton v. United States, 359 F.3d 855, 857 (7th Cir. 2004);  D'Amario v. United States, Civ. No. 06-93-P-H, 2006 WL 1896201, *2 -3  (D. Me. July 5, 2006).  Hathaway's alternative request for a new trial based on this claim of ineffective assistance at sentencing is equally doomed. See Melton, 359 F.3d at 857.

With regards to Hathaway's motion to appoint counsel, my conclusion that he cannot bring his claim of ineffective assistance in either of his two pending motions seeking substantive release clearly warrants denying that motion as counsel would fair no better in pressing Hathaway's claim.  See cf. Rule Governing Sec. 2255 Proceeding 4(b);

2

see also Lawrence v. Florida, __ U.S.__, __, 127 S. Ct. 1079, 1085 (Feb. 20, 2007)

(reiterating that there is no constitutional right to counsel in the post-conviction context).

### *Conclusion*

For the reasons above, I recommend that the Court deny the petition for writ of error coram nobis (Docket No. 38) and the petition for a new trial (Docket No. 37), and I deny the motion for the appointment of counsel (Docket No. 36).

### NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within ten (10) days of being served with a copy thereof.  A responsive memorandum shall be filed within ten (10) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

September 26, 2007.

/s/Margaret J. Kravchuk
U.S. Magistrate Judge